THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL BRUCE RAUHAUSER, Defendant-Appellant.

(No. 55715;

First District—July 31, 1972.

Ellis B. Rosenzweig, of Chicago, (Wexler, Kane & Rosenzweig, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Complaints were filed against the defendant charging him with contributing to the delinquency of two minor boys. After a bench trial defendant was found guilty as charged and was placed on probation for a period of one year on each charge, the terms to run concurrently.

On appeal defendant contends that the complaints failed to properly charge him with an offense, and that, in any event, the evidence adduced by the People failed to sustain the charges against him. Upon a consideration of the record in this case we conclude that the activities charged to the defendant do not fall within the proscriptions of the applicable statute; it is therefor unnecessary to consider the question raised with regard to the sufficiency of the complaints.

Ronald Faye, fifteen years of age, testified at trial that on June 7, 1970, he was a resident of Chapin Hall, a private home for children located at 2801 West Foster Avenue in Chicago, and that the defendant had been employed as a "house parent" at the home. (The witness testified that defendant was employed elsewhere on the day in question.) Faye testified that at about 9:00 P.M. on June 7, 1970, he arrived at the defendant's apartment, which was located about two blocks from Chapin Hall, and that he told the defendant that he was running away from Chapin Hall. Faye stated that the defendant spoke to him concerning the problems which might arise from such an action, and that defendant advised him to return to Chapin Hall. The witness testified that he stayed in the defendant's apartment that night, and that he slept with the defendant in the defendant's bed.

Faye testified that on the morning of June 8th he was given a key to the defendant's apartment, after which he (the witness) left for school. Faye stated that he did not enter the school building because he met a friend who also lived at Chapin Hall. He further stated that on the evening of June 8th he returned to the defendant's apartment and that the defendant was not in the apartment when he arrived. He testified that he returned the apartment key to the defendant that evening. He further stated that the defendant used no force upon him to either leave or remain in the apartment.

Enrico Simmons testified that he was fourteen years of age and that on June 8, 1970, he was also a resident of Chapin Hall. He testified that at about 6:00 A.M. on June 8th he arrived at the defendant's apartment and rang the bell, and that Ronald Faye answered the call. Simmons told the defendant that he was running away from Chapin Hall and the defendant told the boy that it would be best if he too went back to Chapin Hall. Shortly thereafter the defendant drove the boys to school.

Simmons testified that instead of returning to Chapin Hall, he and Faye returned to the defendant's apartment on the evening of June 8th. He stated that the defendant was not in the apartment at the time and that he and Faye shared the defendant's bed that night.

Dwayne McFeeley testified that he was fourteen years of age and that he was a resident of Chapin Hall. He stated that defendant gave him a key to the defendant's apartment on May 31, 1970, with a note attached stating that the witness could use the television set and the record player in the apartment whenever he wished. He stated that he went to the apartment on the night of June 8, 1970, that Faye and Simmons were there, and that the defendant later arrived and told the three boys that they would have to leave the apartment because one of the officials of Chapin Hall was looking for them. The witness also related that the defendant told them that they should tell no one that they were at the apartment.

Mr. George Headley testified that he was the director of Chapin Hall; that guardianship of the children residing at Chapin Hall was in the Department of Children and Family Services; that he charged the defendant with keeping the two boys in question away from Chapin Hall; that defendant had been employed by Chapin Hall; and that the defendant did not contact Chapin Hall concerning the whereabouts of the boys.

Defendant testified in his own behalf that he was twenty-three years of age, that he had completed approximately three years of college education, and that he was engaged in working as a "house parent" for a period of three or four years. The witness explained that a "house parent" is one who provides day-to-day care and counseling for children, stated that he had been so employed by Chapin Hall, and related that he was then employed as a house parent by a children's home in Evanston.

With regard to the specific incidents charged in the complaints, the defendant testified that at about 10:00 P.M. on June 7, 1970, Ronald Faye came to his apartment and stated that he was running away from Chapin Hall. Defendant testified that he feared that if he refused to see Faye, the boy would not go back to Chapin Hall. He stated that he asked Faye into the apartment, that they discussed the matter of running away throughout the night, and that he explained to the boy that it would be better if he returned to Chapin Hall. Faye stated to the defendant that he would return to Chapin Hall the next day.

The following morning the defendant gave Faye a ride to school and then went to work. At about 6:30 that evening he returned to his apartment and found Simmons and McFeeley at the apartment. Defendant testified that he told both of those boys to leave the apartment, that as

they were leaving Faye appeared at the apartment, and that he then told all three boys to return to Chapin Hall. The defendant returned to his employment at the children's home in Evanston, where he "lived-in" for the next three days. The defendant further testified that the boys who were at the apartment were the same children with whom he had worked at Chapin Hall and whom he tried to help.

Mr. Headley swore out two complaints charging the defendant with contributing to the delinquency of Ronald Faye and Enrico Simmons. Each of the complaints charged the defendant with "keeping the said child away from his legal home overnight without the permission of the said George Headley in violation of Chapter 23, Section 2360 of the Illinois Revised Statute." Although the statutory citation set out in each of the complaints relates to "Dependent and neglected child defined," the wording of the complaints in fact charged the defendant with contributing to the delinquency of a child, which was a violation of Section 2361a of that Chapter. See Ill. Rev. Stat. 1971, Ch. 23, Pars. 2360a, 2361a.

With regard to the complaint concerning the offense allegedly committed in connection with Enrico Simmons, the People failed to adduce any evidence substantiating the charge that defendant kept Simmons "away from his legal home overnight without the permission" of Mr. Headley. Further, the sole evidence adduced by the People with regard to the defendant's conduct relative to Simmons, which corresponds to the defendant's own testimony in that regard, was that when Simmons was found at the apartment he was told by the defendant to return to Chapin Hall. Defendant's conduct with regard to Enrico Simmons clearly cannot be said to have been within contemplation of the applicable statute, proscribing activities relating to contributing to the delinquency of a child.

The conduct of the defendant with regard to Ronald Faye was likewise not within the proscriptions of the statute. At a late hour on the night of June 7, 1970, the fifteen-year-old boy appeared at the defendant's apartment and informed the defendant that he was running away from Chapin Hall. Defendant explained at trial that rather than turn the boy away and risk having him not return to Chapin Hall, he asked the boy into the apartment and spoke with him concerning his returning to Chapin Hall, which conversation was also testified to by Ronald Faye. Under the circumstances the defendant's explanation of why the boy stayed overnight at the apartment is reasonable.

On the morning of June 8, 1970, the defendant drove Faye to the high school which Faye attended, and upon the defendant's return to the

apartment that evening, the Faye boy and the two other boys were ordered by the defendant to go back to Chapin Hall. It cannot be said that defendant's conduct was of such nature as to fall within the proscriptions of the statute.

For these reasons the judgments are reversed.

Judgments reversed.

GOLDBERG, P. J., and LYONS, J., concur.